

**FILED**

**June 28, 2016**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time: 1:54 PM**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT NASHVILLE

| | | |
|---|---|---|
| **JANA MCQUIDDY,** | ) | **Docket No.  2015-06-0593** |
| **Employee,** | ) | |
| | ) | |
| **v.** | ) | **State File No. 21252-2015** |
| | ) | |
| **ST. THOMAS HOSPITAL,** | ) | **Judge Joshua Davis Baker** |
| **Employer.** | ) | |

## COMPENSATION HEARING ORDER

This matter came before the Court on June 8, 2016, for a compensation hearing pursuant to Tennessee Code Annotated section 50-6-239 (2015).  The central legal issue is the degree of permanent medical impairment.[1]  For the reasons set forth below, this Court finds the employee, Janice McQuiddy, failed to prove by a preponderance of the evidence that she suffered an injury arising primarily out of and in the course and scope of her employment with St. Thomas Hospital.

### History of Claim

Ms. McQuiddy is a fifty-two-year-old resident of Davidson County, Tennessee who worked as a phlebotomist for St. Thomas.  In her Petition for Benefit Determination (PBD), Ms. McQuiddy alleged that on March 11, 2015, she slipped in some iced tea and fell injuring her hip, left shoulder and back.  St. Thomas accepted the claim and provided Ms. McQuiddy medical care.

Ms. McQuiddy treated for a period of time and attempted to return to work for St. Thomas upon release by the authorized treating physician.  Eventually, the relationship between St. Thomas and Ms. McQuiddy soured, and St. Thomas terminated her.

---

[1] A complete listing of the technical record, stipulations, and exhibits admitted at the Compensation Hearing is attached to this Order as an appendix.

Ms. McQuiddy filed a PBD seeking temporary and permanent disability and medical benefits. The parties did not resolve the disputed issues through mediation, and the mediating specialist filed a Dispute Certification Notice (DCN). The parties then participated in this compensation hearing.

At the compensation hearing, Ms. McQuiddy was the only witness and testified generally about her accident and the injuries she suffered. Ms. McQuiddy, however, introduced no competent expert medical proof of her injuries. At the close of Ms. McQuiddy's proof, St. Thomas moved to dismiss her claim because she failed to carry her burden of proving she suffered a compensable injury. The Court granted St. Thomas' motion at the hearing and dismissed this claim.

### Findings of Fact and Conclusions of Law

In this workers' compensation claim, Ms. McQuiddy has the burden of proof on all essential elements of the claim. *Scott v. Integrity Staffing Solutions,* No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2015). "[A]t a compensation hearing where the injured employee has arrived at a trial on the merits, the employee must establish by a preponderance of the evidence that he or she is, in fact, entitled to the requested benefits." *Willis v. All Staff*, No. 2014-05-0005, 2015 TN Wrk Comp. App. Bd. LEXIS 42, at *18 (Tenn. Workers' Comp. App. Bd. Nov. 9, 2015); *see also* Tenn. Code Ann. § 50-6-239(c)(6) (2015) ("[T]he employee shall bear the burden of proving each and every element of the claim by a preponderance of the evidence.").

In order to succeed in her cause, Ms. McQuiddy must prove she suffered an injury as defined by the Workers' Compensation Law. In this context, an "injury" means "an injury by accident . . . arising primarily out of and in the course and scope of employment, that causes death, disablement, or the need for medical treatment of the employee[.]" Tenn. Code Ann. § 50-6-102(14) (2015). To constitute a viable claim for workers' compensation benefits, the injury must be "by a specific incident, or set of incidents, arising primarily out of and in the course and scope of employment." *Id*. "An injury arises primarily out of and in the course and scope of employment only if it has been shown by a preponderance of the evidence that the employment contributed more than fifty percent (50%) in causing the injury, considering all causes[.]" *Id*. (Internal quotations omitted).

Additionally, and pertinent here, a workers' compensation injury requires expert medical evidence to support an award of benefits. Except in "the most obvious, simple and routine cases," an injured employee must establish by expert medical testimony that he or she is injured and a causal relationship exists between the injury and the employee's work activity. *Wheetley v. State*, No. M2013-01707-WC-R3-WC, 2014 Tenn. LEXIS 476, at *5 (Tenn. Workers' Comp. Panel June 25, 2014) (citing *Excel Polymers, LLC v. Broyles*, 302 S.W.3d 268, 274 (Tenn. 2009); *Cloyd v. Hartco Flooring Co.*, 274 S.W.3d 638, 643 (Tenn.

2

2008)).

In general, the injured employee must fulfill this requirement through expert medical testimony from a physician. The Tennessee Supreme Court discussed the manner in which expert medical opinions must be presented in a workers' compensation case in *Carter v. Quality Outdoor Prods.*, 303 S.W.3d. 265 (Tenn. 2010). In *Carter*, the Court discussed the constraints of Tennessee Code Annotated section 50-6-235(c), which allows a party to present the direct testimony of a physician through the physician's written medical report without having to take a deposition. *Id*. at 267. The Court also addressed admission of a medical report with respect to the Tennessee Rules of Evidence when the physician is unavailable as defined by Tennessee Rule of Evidence 804(a). The Court stated, "[a] written medical report is hearsay and is admissible only if it satisfies an exception to the hearsay rule." *Id*. The Court went on to find that although the doctor in the case could not testify, his written medical report did not satisfy any exception to the hearsay rule rendering the testimony inadmissible. *Id*.

Here, Ms. McQuiddy provided medical records concerning her condition but no written medical report or deposition testimony.[2] The Court accepted these records, which contain statements concerning the cause of her condition. St. Thomas objected to the Court's consideration of these statements because they constituted hearsay and must be excluded pursuant to Rules 801 and 802 of the Tennessee Rules of Evidence. The Court sustained the objection.

At the close of proof, St. Thomas moved to dismiss Ms. McQuiddy's claim arguing that she failed to carry her burden of proof. In *Burchfield v. Renfree,* 2013 Tenn. App. LEXIS 685 (Tenn. Ct. App. Oct. 18, 2013), the Court of Appeals reiterated the principles regarding directed verdicts—the same standard to be applied to motions to dismiss for lack of proof:

> The rule for determining a motion for directed verdict requires the trial judge and the appellate courts to look to all of the evidence, take the strongest, legitimate view of the evidence in favor of the opponent of the motion and allow all reasonable inferences from it in his favor. The court must disregard all countervailing evidence and if there is then any dispute as to any material, determinative evidence or any doubt as to the conclusions to be drawn from the whole evidence, the motion must be denied. The court may grant the motion only if, after assessing the evidence according to the foregoing

---

[2] Ms. McQuiddy secured a C-32 form, Medical Report in Lieu of Deposition, prior to the hearing. Ms. McQuiddy's physical therapist completed the form. St. Thomas objected to introduction of the C-32 prior to the hearing. Ms. McQuiddy, however, never moved to introduce the C-32 form during her testimony. Even if she had introduced the C-32, the opinion contained within did not come from a physician and could not support her cause.

3

standards, it determines that reasonable minds could not differ as to the conclusions to be drawn from the evidence.

*Id.* at *86-87 (internal citations omitted).

Without the statements in the medical records, a medical report completed by a physician or deposition testimony, Ms. McQuiddy cannot prevail in her claim because there is no medical proof of the cause of her injury. Because Ms. McQuiddy presented no medical proof of causation, reasonable minds could not differ on the conclusion to be drawn from the evidence. *See Burchfield,* 2013 Tenn. App. LEXIS 685 at *86-87. After careful consideration of the evidence as a whole, this Court concludes that Ms. McQuiddy failed to establish by a preponderance of the evidence that her injury arose primarily out of and in the course or scope of her employment with St. Thomas.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. McQuiddy's claim against St. Thomas for workers' compensation benefits is denied on the grounds of compensability.

2. The filing fee for this this cause is taxed to the St. Thomas, pursuant to Rule 0800-02-21-.07 (2015) of the Tennessee Compilation Rules and Regulations.

**ENTERED ON THIS THE 28TH DAY OF JUNE, 2016.**

_____
**Joshua Davis Baker, Judge**
**Court of Workers' Compensation Claims**

<u>Right to Appeal</u>:

Tennessee Law allows any party who disagrees with this Compensation Hearing Order to appeal the decision to the Workers' Compensation Appeals Board or the Tennessee Supreme Court. To appeal your case to the Workers' Compensation Appeals Board, you must:

1. Complete the enclosed form entitled: "Compensation Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within thirty calendar days* of the date the Workers' Compensation Judge entered the Compensation Hearing Order.

3. Serve a copy of the Compensation Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The party filing the notice of appeal, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within fifteen calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the party filing the appeal may file a joint statement of the evidence within fifteen calendar days of the filing of the Compensation Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board. *See* Tenn. Comp. R. & Regs. 0800-02-22-.03 (2015).

6. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Workers' Compensation Appeals Board, the appeal will be docketed and assigned to an Appeals Board Judge for review. At that time, a docketing notice shall be sent to the parties. Thereafter, the parties have fifteen calendar days to submit briefs to the Appeals Board for consideration. *See* Tenn. Comp. R. & Regs. 0800-02-22-.02(3) (2015).

**To appeal your case directly to the Tennessee Supreme Court, the Compensation Order must be final and you must comply with the Tennessee Rules of Appellate Procedure. If neither party timely files an appeal with the Appeals Board, this Order will become final by operation of law thirty (30) calendar days after entry, pursuant to Tennessee Code Annotated section 50-6-239(c)(7).**

**APPENDIX**

Technical record:

- Petition for Benefit Determination
- Dispute Certification Notice
- St. Thomas' Motion to Dismiss
- Notice of Appearance
- Notice of Hearing St. Thomas Motion to Dismiss
- Order Denying St. Thomas' Motion to Dismiss
- Show Cause Hearing Notice Order
- Show Cause Hearing Order
- Rule 16 Order
- Order Setting Initial Hearing
- Ms. McQuiddy's Motion to Compel
- Order Denying Ms. McQuiddy's Motion to Compel
- Notice Objecting to Admissibility of Medical Records
- St. Thomas' Witness and Exhibit List
- Notice of Objection to Use of Form C-32
- Ms. McQuiddy's Pre-Compensation Hearing Statement
- Subpoena

The Court did not consider attachments to Technical Record filings unless admitted into evidence during the Compensation Hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.

Exhibits:

1. Medical Records
2. Ms. McQuiddy's Application for FMLA Leave
3. St. Thomas Correspondence – Termination of Employment
4. Photographs
5. Medical Appointment Letter

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent to the following recipients by the following methods of service on this the 28th day of June, 2016.

| Name | Certified Mail | Via Fax | Via Email | Email/Mailing Address |
|------|----------------|---------|-----------|------------------------|
| **Jana McQuiddy** | X | | X | 2913 Scott Ave Nashville, TN 37216 Jabmcquiddy@gmail.com |
| **Lee Ann Murray** | | | X | leeamurray@feeneymurray.com |
| **Mary Head** | | | X | mary@feeneymurray.com |

_____

**Penny Shrum, Clerk**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**